# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| Aleksander and Liliana Jakubowski, | ) | Case No. 12 B 15699 |
| | ) | |
| Debtors. | ) | Judge Janet S. Baer |

## NOTICE OF MOTION

TO:   See attached Service List.

YOU ARE HEREBY NOTIFIED that on May 10, 2012 at 9:30 a.m. or as soon thereafter as counsel may be heard, the undersigned shall appear before the Honorable Judge Janet S. Baer, or any Judge sitting in her stead, in Courtroom 615 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois and then and there present the attached **Amended Motion for Order Authorizing Interim and Final Use of Cash Collateral**, at which time you may appear if you so deem fit.

   /s/ John Ruddy

## ATTORNEY'S CERTIFICATE OF SERVICE

I, John Ruddy, an attorney, certify that I caused the above and foregoing Notice and attached Motion to be served on the U.S. Trustee and Sherman and Purcell, LLP by electronic court notice and on all creditors set forth on the attached Service List by depositing a true and correct copy of the same in the United States Mail, proper postage prepaid, at Aurora, Illinois, on the 3rd day of May, 2012.

   /s/ John Ruddy

RUDDY & KING, LLC
2631 Ginger Woods Parkway, Suite 101
Aurora, IL 60502
(630) 820-0333
(630) 820-0594 fax
jruddy@rmklawfirm.com

**In re: Aleksander and Liliana Jakubowski. Case No. 12 B 15699**
*Service List*

Office of the US Trustee
(via electronic Court Notice)

Ford Credit
c/o Sherman & Purcell LLP
(via electronic Court Notice)

Bank of New York
c/o Codilis & Associates, P.C.
(via electronic Court Notice)

Chuhak & Tecson, P.C.
30 S. Wacker Drive Suite 2600
Chicago,, IL 60606-7512

MB Financial Bank
6111 North River Road
Rosemont, IL 60018-5111

Old Second National Bank
37 S. River St.
Aurora, IL 60506-4172

Twp Sioux Narrows-Nestor Falls
PO Box 417
Sioux Narrows, ON

West Suburban Bank
711 S Meyers Road
Lombard, IL 60148-3770

Bank Of America
P.O. Box 982235
El Paso, TX 79998-2235

Blackberry Creek Homeowners
C/O Caruso Management Group
27N. Wacker Drive, Suite 825
Chicago, IL 60606-2800

Michael And Linda Durec
239 Baynard Road
Addison, IL 60101-2134

Old Second Wealth Management
37 South River Street
Aurora, IL 60506-4172

State Farm
C/O T.L. Thompson & Associates, Inc.
PO Box 496149
Garland, TX 75049-6149

Village Of Maple Park
C/O Village Clerk
302 Willow Street
Maple Park, IL 60151

American Express
PO Box 0001
Los Angeles, CA 90096-8000

Laura Zimmer
C/O T.L. Thompson & Associates,
PO Box 496149
Garland, TX 75049-6149

Nicor Gas
P.O. Box 8350
Aurora, IL 60507-8577

RBC
343 Scott St.
Fort Frances, ON P9A 1H1

The Settlement Homeowners Assn
C/O Charles L. Miller
608 Walnut Avenue
Maple Park, IL 60151-7605

Village Of Maple Park
PO Box 220
Maple Park, IL 60151-0220

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| Aleksander and Liliana Jakubowski, | ) | Case No. 12 B 15699 |
| | ) | |
| Debtors. | ) | Judge Janet S. Baer |

**DEBTORS' AMENDED MOTION FOR ORDER AUTHORIZING
INTERIM AND FINAL USE OF CASH COLLATERAL**

NOW COME the Debtors and Debtors in possession ("Debtors"), by and through their attorneys, Ruddy & King, LLC, moves this Court for an order authorizing the interim and final use of cash collateral pursuant to 11 U.S.C. §§ 363 and 506(c), Fed. R. Bankr. P. 4001(b) and Local Rule 4001-2:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ l334 and 157.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

3. On April 4, 2012 (the "Petition Date"), the Debtors filed a voluntary petition for relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Northern District of Illinois (the "Court"). The Debtors are acting as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. No trustee or examiner has been appointed, and no official committee of creditors has yet been established.

5. The Debtors are the sole beneficiaries of the Old Second National Bank Trust Agreement dated July 7, 1993 and known as Trust No. 5569. That said trust is the owner of a "strip mall" commonly known as Cloverleaf Plaza, 211-231 East Army Trail Road, Bloomingdale, IL 60108.

6. That there are four businesses currently renting space at the subject property with monthly rents totaling approximately $19,830.87.

7. The Debtors are a party to a mortgage and promissory note with MB Financial Bank as Lender. Said mortgage also provides that MB Financial Bank has a security interest in all personal property and rents on the subject real estate. At this time, the Debtors do not object to MB Financial Bank's alleged perfected security interest.

8. The regular monthly payments due to MB Financial Bank per month are approximately $9,833.95 pursuant to the terms of the mortgage and note.

9. That the Debtors entered into an Installment Contract for Deed for the purchase of the subject property with Michael and Linda Durec ("Durecs") on May 24, 2005. A copy of the Installment Contract is not attached to this Motion but can be produced upon request. Pursuant to the terms of the land contract, the Durecs were to pay to the Debtors $16,811 per month for 82 months with a balloon payment of the balance due on May 24, 2012. At the present time the Durecs have not notified the Debtors that the Durecs have sufficient financing to pay off the balance.

10. In July 2011, the Durecs stopped making payments to the Debtors. There is currently a default in payments pursuant to the land contract to the Debtors in the amount of approximately $168,110.

11. As a result of the Durecs' non-payment, the Debtors were unable to make the payments required pursuant to the Note to MB Financial Bank.

12. Prior to the commencement of this Case, MB Financial Bank filed an action in the Circuit Court of DuPage County, Illinois seeking to collect from the Debtors on the Note, foreclose its mortgage lien on the property. As of the Petition Date, MB Financial Bank's claim is estimated to be approximately $1,245,000.

13. The property subject to the mortgage and note with MB Financial is estimated to be worth approximately $1,600,000.

14. Pursuant to the foreclosure proceeding, a Receiver was appointed to collect the rents from the various tenants at the strip mall. The Receiver is also one of the parties to the land contract for sale of the subject strip mall, Linda Durec. That, based upon information and belief, the Receiver has collected and deposited in an escrow bank account with MB Financial Bank rents totaling approximately $100,000.

15. Based upon information and belief, some payments have been made from this escrow account to MB Financial Bank on the Debtors' existing balance.

16. As of the Petition Date, the Debtors have a minimum cash balance. Thus, to the extent that any cash is determined to be cash collateral, the Debtors seek this Court's authority to use such cash collateral.

17. The Debtors propose that the Debtors confer with MB Financial Bank to determine a mutually agreed-upon third party be appointed as Receiver to collect the rents due on the property. That the funds being collected by the Receiver will be used to make the regular monthly mortgage payments of $9,833.95 to MB Financial Bank under the terms of the Note. That the remaining funds from the rental income should be turned over to the Debtors to pay for living expenses and service secure debt obligations. A breakdown of the financial data associated with the property are as follows:

| Rental Income from property | $19,830.87 per month |
|---|---|
| Payments to MB Financial | $9,833.95 per month |

18. The Debtors submit their previously filed Schedules I and J showing their budget and the necessity of receiving these funds. A copy of the Schedules I and J is marked as Exhibit

      A and is attached hereto and made a part thereof.

19. Without the use of cash collateral, the Debtors will suffer immediate and irreparable harm.

20. Attached is a proposed interim order authorizing the Debtors to use cash collateral. Under the proposed order, the Debtors propose the Debtors confer with MB Financial Bank to determine a mutually agreed-upon third party to be appointed Receiver to collect the rents from the various tenants of the strip mall. From the collection of these rents, the Receiver will pay to MB Financial Bank regular monthly mortgage payments of $9,833.95. That the remaining funds should turned over to the Debtors

21. Additionally, the Debtors will grant a replacement lien in favor of MB Financial Bank to the same extent and with the same validity and priority as the prepetition lien of MB Financial Bank.

22. There are no provisions in the proposed order required to be highlighted under Local Bankruptcy Rule 4001-2.

23. The Debtors seek entry of an order approving cash collateral to become final unless objections are filed within 15 days.

WHEREFORE the Debtors, Aleksander and Liliana Jakubowski, pray for the following relief:

    A. That this Court enter an order approving use of cash collateral in accordance with this Motion; and

    B. For such other and further relief as this Court deems equitable and just.

Dated: May 3, 2012

                                                Respectfully Submitted,
Aleksander and Liliana Jakubowski

By: /s/ John Ruddy
One of the attorneys for the Debtors

Ruddy & King, LLC
2631 Ginger Woods Parkway, Suite 101
Aurora, IL 60502
(630) 820-0333
(630) 820-0594 fax
jruddy@ruddyking.com